UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOY TERRELL SMITH, | No. C 05-3373 SI (pr) |
| Plaintiff, | **ORDER OF PARTIAL DISMISSAL** |
| v. | |
| JEANNE WOODFORD, et al., | |
| Defendants. | |

## INTRODUCTION

Toy Terrell Smith, an inmate at Pelican Bay State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. Defendants have filed a motion to dismiss the action on the grounds that plaintiff failed to exhaust administrative remedies, plaintiff's claims are time-barred, and one of the defendants has no liability for the acts alleged in the amended complaint. Plaintiff has opposed the motion to dismiss. For the reasons discussed below, the court will grant the motion to dismiss in part – dismissing only defendants Beegle, McDonald and O'Neill.

## BACKGROUND

The amended complaint in this action concerned defendants' responses to Smith's mental health problems. Smith alleged in the amended complaint that he had received mental health care in the CDCR prison system at the Correctional Clinical Case Management Services ("CCCMS") level of care. He was transferred to Pelican Bay in October 1999 "for the specific purpose" of receiving CCCMS level of mental health care. Amended Complaint, p. 6. He had mental health care needs and required single cell housing due to his extensive history of violence

toward cellmates and others over a fourteen year period of incarceration. Id. at 6-7. Once at Pelican Bay, Smith was taken out of the CCCMS mental health care program.

Smith alleged in his amended complaint that defendants O'Neill and McDonald ignored his need for mental health care and a single cell and, instead, forced him to double-cell, which quickly prompted a cell fight on April 11, 2001. Defendants O'Neill and McDonald allegedly denied Smith's inmate appeal on March 8, 2001 regarding the order to double-cell. Amended Complaint, ¶ 38. Smith also alleged that psychologist Dr. Beegle knew of but did not do anything to help solve the problems of Smith being removed from the mental health care program and being forced to double-cell before Smith was involved in the cell fight. Id. at ¶¶ 35-38. The court determined that Smith had stated a cognizable § 1983 claim against these three defendants for deliberate indifference to Smith's safety or mental health needs. See Order of Service, p. 4.

Smith also alleged in his amended complaint that defendants Woodford and Kirkland decided in response to inmate appeals that Smith belonged in punitive segregation and not in the mental health care system, despite his requests to be provided with mental health care. Defendant Kirkland's allegedly wrongful acts took place on December 4, 2002, and defendant Woodford's allegedly wrongful acts took place on or about August 30, 2003. The court determined that Smith had stated a cognizable claim against Woodford and Kirkland for an Eighth Amendment violation. The court explained that their liability was based on their alleged denial of Smith's requests pertaining to an ongoing need for mental health care and not for the cell fight problem that occurred two years before their alleged wrongful conduct. See Order Of Service, pp. 4-5.

Defendants contend that Smith did not exhaust administrative remedies as to the claim against defendants O'Neill, McDonald and Beegle.[1] The facts relating to the exhaustion question

---

[1] Defendants do not argue that Smith failed to exhaust as to the claim against defendants Kirkland and Woodford. Smith filed an inmate appeal following the imposition of the indeterminate SHU term in 2003. That inmate appeal (i.e., log # 03-01741) was denied at the

2

are these: Smith filed an inmate appeal on January 22, 2001 (log # 01-00272) regarding his removal from the CCCMS mental health care program and the requirement that he double-cell. See Smith Decl., ¶ 6. At the first level of review, the inmate appeal was "partially granted," which meant that his "request for professional investigation into the matter was 'granted' but [his] request for single cell housing was 'denied.'" Id. at ¶ 8. He then submitted his appeal to the warden's level for review, where it was denied. Id. at ¶ 13. He then submitted his inmate appeal to the director's level of review on April 27, 2001. His inmate appeal was returned to him on May 3, 2001 with an attached letter informing him that his appeal was "screened out" because he had not attached the classification committee chrono to his inmate appeal. Id. at ¶ 15. There is a disagreement about what happened next. Smith states that he resubmitted his inmate appeal to the director's level of review on or about May 19, 2001, informing the recipient that the classification chrono referred to was in fact included on the photocopied back page and had been overlooked by the reviewer. Id. at ¶ 16. Defendants, on the other hand, present records showing that Smith's inmate appeal was screened out due to the missing chrono and not showing that the inmate appeal was resubmitted or ultimately decided on the merits at the director's level. Neither defendants nor plaintiff submit the actual inmate appeal decision from the director's level; the inmate appeal that is in the record has a May 3, 2001 "received" stamp but no other statement by the director's level reviewer. See Tama Decl., Exh. C. Defendants rely on their computer records of inmate appeals, which reflect that the appeal (i.e., log # 01-00272) was screened out on May 14, 2001, and that it was not among Smith's many inmate appeals that were decided at the director's level and therefore exhausted. Grannis Decl., ¶¶ 2-5, and Exhs. A and B.

---

Director's Level of review on December 4, 2003.

3

**DISCUSSION**

A.   <u>Rule 12(b) Motion To Dismiss For Failure To Exhaust</u>

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." <u>See</u> Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. <u>See</u> <u>id.</u> § 3084.5; <u>Ngo v. Woodford</u>, 126 S. Ct. 2378, 2383 (2006); <u>Barry v. Ratelle</u>, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).

Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" <u>Id.</u> (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. <u>Id.</u>; <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. <u>Porter</u>, 534 U.S. at 532. The PLRA exhaustion requirement requires "proper exhaustion" of available administrative remedies. <u>Woodford v. Ngo</u>, 126 S. Ct. 2378, 2387 (2006).

A prisoner's failure to exhaust administrative remedies is a matter in abatement. Defendants have the burden of raising and proving the absence of exhaustion, and may do so by way of an unenumerated Rule12(b) motion. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court

may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988). The court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the case (where there is a right to a jury trial). See id. Smith's argument that there is a triable issue of fact with regard to the exhaustion question misunderstands the applicable law: Wyatt and Ritza allow this court to resolve factual disputes on the exhaustion issue.

Upon a review of the record, the court concludes that defendants adequately demonstrate that Smith did not exhaust his administrative remedies as to his claim against defendants O'Neill, McDonald and Beegle. His inmate appeal log # 01-00272, originally submitted on January 22, 2001, requested that Smith not be double-celled because of his mental health problems. The inmate appeal was screened out at the Director's Level of review because it was missing documentation of Smith's CDC 128-G institutional classification chrono. The inmate appeal was never decided at the Director's level, and instead was rejected for failure to the attach the necessary documentation. See 15 Cal. Code Regs. § 3084.3(c)(5). Smith contends that he did resubmit the appeal with an explanation that he had attached the necessary documentation but the reviewer overlooked it. The court credits defendants' evidence over Smith's evidence. Smith's declaration does not have attached to it a copy of any document that would support his assertion, such as a copy of his resubmitted appeal or a mail log showing that he mailed the grievance on the day he says he mailed it. And he provided no evidence that he made any further inquiry once he allegedly resubmitted the inmate appeal to determine what had become of it. Defendants' computer logs show that Smith has submitted numerous inmate appeals, and show that some have been decided (i.e., denied or granted) while several others have been screened out at the director's level. See Grannis Decl., Exhs. A, B.

A prisoner cannot satisfy the PLRA's exhaustion requirement "by filing of an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford v. Ngo, 126 S. Ct. at 2382. The PLRA exhaustion requirement requires proper exhaustion. Id. at 2382,

5

2387. A prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. See id. at 2384. Smith did not. His inmate appeal at the director's level failed to attach the 128-G chrono regarding double-cell housing that he was complaining about in his inmate appeal. He did not satisfy the exhaustion requirement with regard to his Eighth Amendment claim against defendants O'Neill, McDonald and Beegle . That claim will be dismissed. The rest of the action need not be dismissed based on the non-exhaustion of just one of the claims. See Jones v. Bock, 127 S. Ct. 910, 925-26 (2007) (rejecting "total exhaustion-dismissal" rule).

Smith argues that defendants must specify which administrative remedies remain available to him to establish non-exhaustion, and cites to the Civil Rights of Institutionalized Persons Act ("CRIPA"). The problem with this argument is that the current § 1997e replaced the CRIPA provision regarding exhaustion of administrative remedies and has noticeably stricter exhaustion requirements, as discussed in Porter v. Nussle, 534 U.S. at 523-24. Under the current version of § 1997e(a), there need not be an administrative remedy still available for the court to dismiss a claim for failure to exhaust.

B.     Rule 12(b)(6) Motion

   1.     Legal Standards

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). In examining the sufficiency of the pleading, the court must liberally construe a pro se complaint. See id.

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss on the ground that there is a "failure to state a claim upon which relief may be granted." A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that

is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1960 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The court "must accept as true all of the factual allegations contained in the complaint," Erickson, 127 S. Ct. at 2200, but need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988, amended, 275 F.3d 1187 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

### 2. Statute of Limitations Arguments

Although a Rule 12(b)(6) motion usually is not available to raise an affirmative defense, it may be used when the complaint contains allegations showing a complete defense or bar to recovery, such as a statute of limitations problem. See Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). Dismissal on statute of limitations grounds can be granted pursuant to Rule 12(b)(6) "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Id.

Defendants McDonald Beegle, O'Neill and Kirkland move under Rule 12(b)(6) to dismiss on the ground that the claims against them are time-barred. The motion requires the court to determine the date this action commenced, the applicable limitations period, the date on which the causes of action accrued, and the applicability of statutory or equitable tolling.

This action was deemed filed on August 15, 2005, the date of the post-mark on the envelope in which the complaint was mailed to the court.[2] See generally Houston v. Lack, 487 U.S. 266, 276 (1988). The original complaint named only Jeanne Woodford as a defendant and did not list any Doe defendants. The amended complaint will be deemed filed January 2, 2006.

---

[2] Although the signature on the complaint is dated July 29, 2005, the complaint was not mailed on that day because the envelope it was mailed in also contained the in forma pauperis application on which Smith's signature was dated August 5, 2005 and attached to which was a certificate of funds on which the prison official's signature was dated August 10, 2005

Defendants McDonald, O'Neill, Beegle and Kirkland were first named as defendants in the amended complaint.

The limitations period is two years. Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. See Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994). Because California has multiple statutes of limitations for different torts, the court borrows the general or residual statute for personal injury actions to use for a § 1983 action. See Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999). The general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions. Cf. id. (discussing § 340(3), the predecessor to § 335.1). The court must give effect to a state's tolling provisions. Elliott, 25 F.3d at 802.

California recognizes imprisonment as a disability that tolls the statute of limitations for a maximum of two years when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc. Code § 352.1(a). The tolling allowed for the disability of imprisonment applies because Smith is serving a sentence of life with the possibility of parole. See Grasso v. McDonough Power Equip, 264 Cal. App. 2d 597, 601 (Cal. Ct. App. 1968).

The cause of action against defendants McDonald, Beegle, and O'Neill accrued on April 11, 2001, the day of the cell fight. Defendants McDonald, O'Neill and Beegle all had done their alleged misdeeds before that date: McDonald and O'Neill had denied Smith's inmate appeal in March 2001and Beegle had declined to help Smith avoid the double-cell order and had failed to help him return to the mental health care program. A cause of action generally "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. (citation and internal quotation marks omitted). The amended complaint shows that Smith actually knew of the injury and factual basis for his causes of action against these three defendants no later than April 11, 2001. As of that date, Smith knew of defendants' acts, that he had an allegedly untreated need for mental health care, had been placed in a double cell, and

had been involved in a cell fight as a result.

As a result of the 2-year limitations period plus the 2-year period of tolling for the disability of imprisonment, Smith had 4 years after April 11, 2001 – i.e., until April 11, 2005 – to file his action against these defendants. He did not file his amended complaint in which he first asserted his claim against these defendants until January 2, 2006 missing the deadline by almost eight months. Because these three defendants were not named in the original complaint and no Doe defendants were listed as defendants, the filing date of the amended complaint is the appropriate date to consider. (Even if one used the original complaint's filing date of August 15, 2005, Smith missed the deadline by several months.) The statute of limitations defense is complete and obvious from the face of the amended complaint. The claim against defendants McDonald, O'Neill and Beegle is barred by the statute of limitations and therefore dismissed.

Defendant Kirkland asserts that the claim alleged against him also is untimely, but his argument is not persuasive. The cause of action against Kirkland accrued on December 4, 2002, the date of the committee hearing at which it was decided that Smith would be kept in the SHU on an indeterminate term and without access to the mental health care system. Both the original complaint and the amended complaint were filed within four years of that date. Defendant Kirkland asserts that the 2-year tolling period for the disability of imprisonment does not apply because Smith seeks "injunctive relief against Defendant Kirkland in the form of access to mental health care." Motion, p. 8. Defendant Kirkland is right on the law but wrong on the facts. The tolling period does apply only to claims for damages and not to claims for injunctive relief, but the amended complaint requests damages as well as injunctive relief and does not exclude Kirkland from the request for damages. See Amended Complaint, p. 11. The claim against defendant Kirkland for damages was filed within four years of the accrual date and is not barred by the statute of limitations.

9

### 3. Defendant Woodford's Liability.

Defendant Woodford moves to dismiss under Rule 12(b)(6) on the ground that the amended complaint does not state a claim for relief against her personally. This requires an examination of the allegations against defendant Woodford, who allegedly was the director of the CDCR at the relevant time.

A supervisor may be liable under section 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). Supervisory liability may be "imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.'" Preschooler II v. Davis, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted.)

The pro se amended complaint alleges that Smith was informed by the prison appeals coordinator "that if he was dissatisfied with defendant Kirkland's response to his appeal then he must submit the appeal to the Director of the CDC (i.e., Jeanne Woodford) for a Director's level of review. [¶] On August 30, 2003, the plaintiff submitted his administrative appeal to the Director of the California Department of Corrections. The plaintiff requested placement back into the prison general population and into a program which helps inmates with mental health needs." Amended Complaint, ¶¶ 21-22. On December 8, 2003, Smith received the director's level response to his inmate appeal that denied the appeal. Id. at ¶ 23-24. Liberally construed, these allegations are sufficient to state a claim for relief against defendant Woodford. See Jett, 439 F.3d at 1098. Woodford argues that she didn't do the actual decision-making, but instead one of her delegates did it. Motion To Dismiss, pp. 10-11. That may be true, but it reflects a

10

fundamental misunderstanding of the function of a Rule 12(b)(6) motion, which tests the sufficiency of the pleading rather than the sufficiency of the evidence. In other words, the fact that Smith may not be able to prove his § 1983 claim does not mean that he has not sufficiently alleged a § 1983 claim against defendant Woodford. Smith's allegation that he sent an appeal to Woodford and received a response denying his appeal, liberally construed, is sufficient to state a claim against Woodford.

Smith argues in his opposition to the motion to dismiss that he also alleged that Woodford was liable on a theory that she failed to "promulgate, foster and monitor policies that would ensure and protect prisoner's constitutional rights" and that resulted in a constitutional violation. Opposition, p. 7. Even with liberal construction, the amended complaint cannot reasonably be interpreted to allege a claim based on such a theory. Smith did allege that Woodford had various duties but, but did not allege that she failed to fulfill these duties and that such failure caused a violation of his constitutional rights. See Amended Complaint, ¶ 5. Smith may, within thirty days, file an amendment to his amended complaint if he wants to try to allege this theory, but the absence of this theory of relief does not require that defendants' motion be granted because Smith did adequately allege the claim that she directly denied his request as discussed in the preceding paragraph.

Lastly, defendant Woodford's argument that Smith had no constitutional right to file an inmate appeal is a red herring. The court specifically identified the claim against Woodford and Kirkland as an Eighth Amendment claim for their alleged denial of his requests pertaining to an ongoing need for mental health care. See Order Of Services, pp. 4-5. The court did not identify the claim as a procedural due process claim. If Woodford had denied a claim about a constitutional violation that had already occurred and was complete (e.g., a use of force that occurred earlier), the argument that denial of an inmate appeal did not amount to a constitutional violation would have merit. However, where the problem is an ongoing constitutional violation (e.g., the failure to provide mental health care) and the request is made in an inmate appeal to remedy the ongoing problem, liability for that problem can be based on the denial of an inmate

appeal, just as it could be based on the denial of a verbal request from the inmate.

## CONCLUSION

This order decides the several issues raised by defendants' motion to dismiss. First, the Eighth Amendment claim against defendants Beegle, McDonald, and O'Neill is dismissed because Smith did not exhaust administrative remedies and because it is barred by the statute of limitations. Although a failure-to-exhaust dismissal normally is a dismissal without prejudice, the claim is dismissed with prejudice here because the claim also is barred by the statute of limitations. Those three defendants therefore will be dismissed from this action. Second, the motion to dismiss as to defendant Kirkland is denied as to the claim for damages because the amended complaint was filed before the expiration of the statute of limitations period on that claim. Third, the motion to dismiss as to defendant Woodford is denied because the amended complaint, liberally construed, states a claim for relief against her.

Defendants' motion to dismiss is GRANTED in part. (Docket # 16.)  The Eighth Amendment claim against defendants Beegle, McDonald and O'Neill is dismissed with prejudice. These three defendants are dismissed from this action.

Plaintiff's motion for an extension of time to file his opposition is GRANTED. (Docket # 19.) The court deems his opposition received on December 7, 2006 to have been timely filed.

In order to move this case toward resolution, the court now sets the following briefing schedule:

1. No later than **September 7, 2007**, defendants must file and serve a motion for summary judgment. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

2. Plaintiff's opposition to the summary judgment motion must be filed with the court and served upon defendants no later than **October 12, 2007**. Plaintiff is reminded to bear in mind the notice and warning regarding summary judgment in the order of service as he prepares his opposition to any summary judgment motion.

12

3. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **November 2, 2007**.

IT IS SO ORDERED.

Dated: July 23, 2007

_____
SUSAN ILLSTON
United States District Judge